George C. Hutchinson, State Bar Number 138735
LEGAL SOLUTIONS 2 U, APC.
16812 Armstrong Ave, Suite 200L
Irvine, CA 92606
Telephone:  (855) 775-2928
Facsimile:  (855) 775-2928

Dimuth Amaratunge, SBN 237158
SERENDIB LAW FIRM APC
765 The City Drive, Suite 355
Orange, California 92868
Telephone:   714-703-1300 ,
Facsimile:    714-703-1304

Attorneys for Defendant, BrandRep, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON ALAN, on behalf of himself and all others similarly situated,. <br><br> Plaintiff, <br><br> vs. <br><br> BRANDREP, INC., <br><br> Defendants. | **CASE NO.:** 8:16-cv-01040-DOC-DFM <br><br> **DEFENDANT, BRANDREP, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAITIFF'S UNVERIFIED COMPLAINT** |

ANSWER AND AFFIRMATIVE DEFENSES

**DEFENDANT BRANDREP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

The Defendant, BRANDREP, INC. (BRANDREP) by and through its undersigned counsel, hereby files its Answers and Affirmative Defenses to Plaintiff's Complaint and state as follows:

**GENERAL DENIAL**

1. Defendant denies, generally and specifically, each and every statement, allegation and matter of fact contained in Plaintiff's Complaint, and each and every part thereof, including the whole thereof.

**AFFIRMATIVE DEFENSES**

The Affirmative Defenses Listed herein also includes the facts listed in the Cross-Complaint concurrently filed and incorporated herein by reference as though fully set forth.

**FIRST AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CAUSE OF ACTION)**

2. The answering Defendant alleges that the Complaint on file herein, and each of its purported causes of action, fails to state facts or law sufficient to constitute a cause of action against the answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**
**(FAILURE TO MITIGATE DAMAGES)**

3. The answering Defendant alleges that Plaintiff has failed to mitigate damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

**THIRD AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

4. The answering Defendant alleges that if any equitable relief is claimed to be owed to Plaintiff as a result of its Complaint on file herein, it is barred as a result of Plaintiff's own unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(LACHES)**

5. The answering Defendant alleges that if any equitable relief is claimed to be owed to Plaintiff as a result of the Complaint on file herein, it is barred as a result of the Doctrine of Laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

6. The answering Defendant alleges that Plaintiff by reason of its own acts, omissions, representations and courses of conduct, by which Defendant was led to rely to his detriment, are barred from any recovery herein by virtue of the Doctrine of Estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(PLAINTIFF'S ACTIONS/INACTIONS)**

7. The answering Defendant alleges that any damages sustained by Plaintiff, as alleged in Plaintiff's Complaint was a direct and proximate result of Plaintiff's actions and/or inactions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(LACK OF STANDING TO BRING COMPLAINT)**

8. The answering Defendant alleges that Plaintiff does not have the capacity to maintain this action because among other reasons this complaint is brought purely for retaliatory,

harassment, or oppressive purposes.

### EIGHTH AFFIRMATIVE DEFENSE
### (DAMAGES SPECULATIVE)

9. Any damages alleged to be suffered by Plaintiff is speculative.

### NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO DO EQUITY)

10. The answering Defendant alleges that Plaintiff failed to comply with the conditions imposed to afford relief to Defendant on the equities favoring Defendant and/or this Court cannot accommodate the equities favoring the Defendant in granting the relief, and to grant relief to Plaintiff without affording relief to the Defendant, would be inequitable.

### TENTH AFFIRMATIVE DEFENSE
### (OFFSET DAMAGES)

11. The answering Defendant has suffered damages by reason of Plaintiff's conduct and, therefore, the Defendant has the right to off-set an amount of money which this Court determines is owed or due to Plaintiff, if any, by way of said damages.

### ELEVENTH AFFIRMATIVE DEFENSE
### (OFFSET DAMAGES)

12. The injuries and damages, if any, sustained by Plaintiff as alleged in the Complaint on file herein, were proximately caused by the acts, errors, omissions, negligence and/or breaches of obligation of individuals or entities other than the Defendant, including but not limited to Plaintiff, and as such, the Defendant is not responsible for any such injuries or damages.

## TWELFTH AFFIRMATIVE DEFENSE
## (NO BENEFIT TO DEFENDANTS)

13. The answering Defendant alleges that it has not received any form of benefits through its actions or inactions as alleged by Plaintiff in its Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (FAILURE TO PURSUE CLAIMS AGAINST OTHER PARTIES AND SOURCES)

14. The answering Defendant alleges that Plaintiff's claims are barred, in whole or part, because Plaintiff has failed to seek recovery and/or reimbursement from other parties at fault and other sources available to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (WAIVER AND ESTOPPEL)

15. Plaintiff through their words and conduct have waived any and all claims which they seek to assert in this action and is estopped both to assert and to recover upon such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (DEFENDANT SHOULD NOT BE A DEFENDANT)

16. Defendant alleges that Plaintiff is limited or barred from recovery, if any, by the applicable and current TCPA regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (INVALID LAW)

17. Defendant allege that the provisions of the California law by which plaintiff seeks a remedy and damages, are invalid in total and/or as alleged against this defendant.

4
ANSWER AND AFFIRMATIVE DEFENSES

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (NO REGULATIONS)

18. Defendant alleges that Plaintiff is barred from any recovery because the allegations presented by Plaintiff are not regulated by the law which he seeks to enforce.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (NO DAMAGE)

19. Defendant alleges that Plaintiff is barred from recovery, because Plaintiff has not suffered damage under TCPA regulations.

## NINETEENTH AFFIRMATIVE DEFENSE
## (CONSENT)

20. Defendant alleges that Plaintiff is barred from asserting any causes of action by virtue of its consent to the alleged acts or conditions.

## TWENTIETH AFFIRMATIVE DEFENSE
## (UNFAIR BUSINESS PRACTICES)

21. Defendant alleges that Plaintiff is barred from any relief, based on Plaintiff's violations of State and Local Laws.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## (FRAUD)

22. Defendant alleges that Plaintiff is barred from any relief, based on fraud by Plaintiff and/or its agents.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
## (GOOD FAITH EXCEPTION)

23. Defendant alleges that Defendant is entitled to a good faith exception.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(NO "AUTO" DIALER USED)**

24. Defendant alleges that Defendant did not use an "auto" dialer.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(PLAINTIFF'S NUMBER IS A BUSINESS)**

25. Defendant alleges that Plaintiff's number is a business landline and is therefore exempt from TCPA regulations.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(APPLICATION OF THE TCPA IS LIMITED BY STATE LAW)**

26. Defendant alleges that Plaintiff's action of the TCPA is limited by State Law and California defenses apply to the TCPA.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(CLASS MITIGATION)**

27. Defendant affirmatively alleges that the purported class members failed to mitigate their damages as required by law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(CLASS ACTION – NO TYPICALITY)**

28. Defendant affirmatively deny the validity of Plaintiff's claim, deny Plaintiff is an appropriate class representative for the purported class, and deny that this matter should proceed as a class action. The Claims and circumstance surrounding Plaintiff are not the same claims and defenses as the others in the class.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
## (CLASS ACTION – NO NUMEROSITY)

29. Defendant affirmatively alleges that there is no numerosity in this action to warrant class certification.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
## (CLASS ACTION – NO SIMILARITY IN CLAIMS)

30. Defendant affirmatively alleges that there is no similarity in claims between the Plaintiff and the purported class. There are no common legal or factual issues that make it efficient to deal with claims between the Plaintiff and the Purported Class.

## THIRTEETH AFFIRMATIVE DEFENSE
## (NOTICE OF ADDITIONAL AFFIRMATIVE DEFENSES)

31. Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

WHEREFORE, Defendant BRANDREP demands judgment dismissing the Complaint with costs, attorney's fees to the extent recoverable, disbursements and such other and further relief as this Court may deem just and proper.

Dated: ___08/01/2016

Respectfully submitted,
LEGAL SOLUTIONS 2 U, APC

By: / s / GEORGE C HUTCHINSON

_____
George C. Hutchinson, Esq.
Attorneys for Defendant
BRANDREP

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I, the undersigned, am a resident of the United States.  My business address is located at 16812 Armstrong Ave, Suite 200L, Irvine, CA 92606.  I am employed in the County of Orange where this service occurs.  I am over the age of 18 years and not a party to the within cause.

On the date set forth below, following ordinary business practices, I caused to be served the foregoing document(s) described as:

**Defendant, BRANDREP, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAITIFF's UNVERIFIED COMPLAINT.**

by delivery as follows:

| | |
|---|---|
| Todd M. Friedman (SBN 216752)<br>Adrian R. Bacon (SBN 280332)<br>Meghan E. George (SBN 274525)<br>**Law Offices of Todd M. Friedman, P.C.**<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212 | |

**[ X ]** (BY MAIL)  I caused such envelope(s) with postage thereon fully prepaid to be placed in the U.S. Mail at Irvine CA.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Mail, and that practice is that correspondence is deposited with the U.S. Mail the same day as the day of collection in the ordinary course of business.

[ ]   (VIA FACSIMILE)  I caused the above document to be faxed to:

[ ]   (VIA HAND-DELIVERY)   I caused such envelope(s) to be hand delivered to the party or parties listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on _____, 2016, at Irvine, California.

_____