Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BRANDREP INC., and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | Case No.: 8:16-cv-01040-DOC-DFM <br><br> **PLAINTIFF JASON ALAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FEES AND COSTS PER CCP § 425.16** <br><br> Hon. David O. Carter <br> Date: October 31, 2016 <br> Time: 8:30 a.m. <br> Place: Courtroom 9D <br>  411 West Fourth Street, <br>  Santa Ana, CA 92701-4516 |
| BRANDREP, INC., on behalf of itself and all others similarly situated, and ROES 1 through 100, <br><br> Cross-Complainant, <br><br> Vs <br><br> JASON ALAN, an Individual, and Does 1 through 50 inclusive, <br><br> Cross-Defendants | |

**MOTION TO FOR FEES AND COSTS**
-i-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Cross-Complainant BrandRep, Inc.'s (hereinafter "BrandRep" or "Defendant") filed a frivolous counter claim against Plaintiff Jason Alan (hereinafter "Plaintiff") and his counsel (Law Offices of Todd M. Friedman, P.C., hereinafter "LOTF"), in a blatant and open act of retaliation against Plaintiff for filing this meritorious and highly important class action. On August 31, 2016, Plaintiff filed a Motion to Dismiss and Motion to Strike pursuant to California's anti-SLAPP statute (Code Civ. P. § 425.16). Defendant failed to timely respond to these Motions, and Plaintiff filed a Reply in support of both motions on September 16, 2016. Defendant then filed a very late Opposition to the anti-SLAPP Motion on September 22, 2016. The Honorable Court granted Plaintiff's Motions and ordered Plaintiff to file a motion for fees and costs. Dkt. No. 22. Plaintiff does so.

Plaintiff expended a great deal of resources in opposing these frivolous issues raised by Defendant, and per the plain language of California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16, must be compensated fully for these wasted resources. Indeed, the Honorable Court has already ruled that Plaintiff is entitled to reasonable fees and costs in conjunction with so doing. Plaintiff's counsel submits along with this Motion, the Declaration of Adrian R Bacon, Mr. Alan's counsel primarily tasked with preparing the Motion to Dismiss and Motion to Strike. The Declaration lays out reasonable fees of $32,268.40, and reasonable costs of $1,253.90, and includes a detailed line by line explanation of every single task performed by the three attorneys working on this matter, which were undertaken in conjunction with the Motion to Dismiss and Motion to Strike.

The Honorable Court's ruling terminated the case against Jason Alan in its entirety and rendered Mr. Alan the prevailing party in the action. As such, Mr. Alan is entitled to recover attorneys' fees and costs incurred in defense of this action pursuant to the mandatory fee provision of the anti-SLAPP statute, Cal. Code

Civ. P. § 425.16(c). That provision states that a defendant who prevails in an action subject to the anti-SLAPP statute "shall" be entitled to recover his or her attorneys' fees and costs.

It is well-established that a prevailing SLAPP defendant is entitled to recover attorneys' fees irrespective of the reasonableness of the plaintiff s claim.  Here, BrandRep's claims were wholly baseless, because it was asserting a restitutionary claim against a person who had never taken any money or property from it. Moreover, its wild conspiracy-laden accusations contradicted themselves numerously, and contained no allegations of any actual facts or circumstances that would give rise to a reasonable inference of fraud.  BrandRep's claims were are meritless as they come.  And moreover, the baseless accusations were defamatory against not only Plaintiff, but against Plaintiff's counsel, who are well-respected among peers and colleagues across the aisle alike.  LOTF had no choice but to expend significant amounts of resources towards extracting Mr. Alan from these unfounded claims.  BrandRep knew this, and its singular goal, as stated expressly in writing by its attorney, was to cause Plaintiff and his counsel such a headache, that they dismissed the case.[1]

Mr. Alan and his counsel have expended thousands of dollars in fees and costs opposing BrandRep's frivolous counterclaims, including, but not limited to time spent reviewing the counterclaim, time spent communicating with one another regarding the counterclaim, time spent researching the counterclaim, and standards

---

[1] Undersigned counsel had made BrandRep's counsel, George Hutchinson, prior to his even filing the counterclaim, aware that they intended to file an anti-SLAPP motion.  Mr. Hutchinson replied that he believed that he had written the claims in such a way that would avoid that risk, implicitly acknowledging that he was trying to pull a fast one.  BrandRep's knowing and intentional filing of a lawsuit against Mr. Alan that is subject to anti-SLAPP is unacceptable.  BrandRep simply hoped that when faced with a lawsuit, Mr. Alan and his attorneys would back down from the class action lawsuit they have brought against BrandRep, a known serial robo-dialer who is a Defendant in more than one TCPA class action.

for motions to dismiss and motions to strike under the anti-SLAPP statute, time spent communicating with BrandRep's counsel, and time spent preparing the motions, reviewing the oppositions and preparing the replies. Mr. Alan also expended a great deal of recourses in out of pocket costs, including the largest cost of $1,200 paid to a process server to initiate a skip trace to locate the 16 companies that BrandRep named in its counterclaim and incorrectly asserted were fabrications of Mr. Alan. Mr. Alan's attorneys' fees and costs totaled $33,522.30.

This was a case where BrandRep was accusing LOTF of literally fabricating all of its clients and using Mr. Alan as a stooge. LOTF's entire firm model was being called into question, and Brandrep has stated in Court filings that it intended to add LOTF as a defendant. And Mr. Alan's integrity was called into question as well. This absolutely could not stand. The parties involved had no choice but to oppose the counterclaims frivolously filed against Mr. Alan, for the sake of Mr. Alan, for the sake of LOTF, for the sake of all of LOTF's other clients, for the sake of the tribunal, under their obligations to the State Bar of California, and indeed, for the sake of common decency. What BrandRep did is virtually unprecedented. BrandRep had to be stopped. *Elec. & Power Co.*, 617 F. Supp. 619, 623 (ED. Va. 1985) ("we must remember that it wasn't the defendant who chose to litigate"), aff d, 788 F.2d 247 (4th Cir. 1986).

Accordingly, the Court should order BrandRep to pay $33,522.30 in attorneys' fees and related expenses.[2] These sums are reasonable, were incurred in good faith, and are fully recoverable under Code of Civil Procedure Section 425.16(c).

///

///

///

---

[2] Plaintiff counsel has estimated that LOTF will expend another $4,500 in fees, should BrandRep oppose this Motion.

## II. LEGAL ARGUMENT

### a. Mr. Alan Is Entitled To Fees And Costs

The anti-SLAPP statute provides: "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Code Civ. Proc. § 425.16(c) (emphasis added). An award of attorneys' fees to a prevailing defendant is mandatory. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."); *Paulus v. Bob Lynch Ford, Inc.*, 139 Cal. App. 4th 659, 685 (2006) ("The anti-SLAPP statute requires an award of attorney fees to a prevailing defendant)').

The Honorable Court's September 23, 2016 Order granted Alan's anti-SLAPP motion and struck BrandRep's counterclaim, plainly rendering Mr. Alan the prevailing party. As such, under Section 425.16(c), Mr. Alan is entitled to recover the attorneys' fees and costs reasonably incurred in extricating himself from this action. *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002) ("The statute is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating himself or herself from a baseless lawsuit."); *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995) ("The right of prevailing defendants to recover their reasonable attorney fees under section 425.16 adequately compensates them for the expense of responding to a baseless lawsuit.")[3]

---

[3] It is well-established that Mr. Alan was entitled to bring this motion for fees after the anti-SLAPP motion was granted. *American Humane Ass'n v. Los Angeles Times Commc'n*, 92 Cal.App. 4th 1095, 1104 (2001) (holding that "total cost of the special motion to strike and any related discovery permitted by the court can be more accurately computed if a section 425.16, subdivision (c) motion for fees is filed after the request is granted;" awarding attorneys' fees "incurred: in connection with the special motion to strike incurred in the trial court prior to the filing of the notice of appeal; on appeal; and after the issuance of the remittitur.").

1    Moreover, under Code of Civil Procedure Section 425.16(c), Mr. Alan is
2 entitled to be reimbursed for all attorneys' fees and costs it incurred in obtaining
3 judgment in his favor, including fees incurred in filing and arguing this motion for
4 fees. *See Tuchscher Dev. Enter., Inc. v. San Diego Unified Port District*, 106 Cal.
5 App. 4th 1219, 1230-1231, 1248 (2003) (affirming trial court's award to
6 respondents of "$55,900 in attorneys' fees, which included fees incurred in
7 opposing discovery requests as well as [a] reconsideration motion; the court found
8 those fees sufficiently connected to the [special] motion to strike and thus
9 recoverable under the statute, [i.e., 19 Code of Civ. Proc. § 425.16(c)]."); *Dowling
10 v. Zimmerman*, 85 Cal. App. 4th 1400, 1425 (2001) ("We hold that in order to
11 effectuate the purpose of the anti-SLAPP statute and the Legislature's intent to
12 deter SLAPP suits, ...a [prevailing] defendant ... is entitled to recover an award of
13 reasonable attorney fees under the mandatory provisions of subdivision (c) of that
14 section in order to compensate the retained counsel for the legal services provided
15 in connection with both the special motion to strike, and the recovery of attorney
16 fees and costs under that subdivision."); *Ketchum v. Moses*, *supra*, 24 Cal. 4th at
17 1141 ("'follow[ing] the rule of the overwhelming majority of courts that have
18 considered the question ... [w]e hold ... that, absent circumstances rendering the
19 award unjust, fees recoverable [under Section 425.16(c)] ... ordinarily include
20 compensation for all hours reasonably spent, including those necessary to establish
21 and defend the fee claim.")

22    There is good reason for this rule, and it is especially compelling here. If
23 there was some risk that a defendant such as Mr. Alan might not receive all of the
24 attorneys' fees it incurred in defending the action, then plaintiffs who bring
25 consumer class actions would be forced to engage in a balancing test every time
26 they did so, for fear that they might be retaliated against for standing up for their
27 rights and the rights of others.  This result would have a serious chilling effect on
28 the right to free speech and the freedom to petition. *Wilkerson v. Sullivan*, 99 Cal.

App. 4th 443, 448 (2002) ("The legislative purpose underlying section 425.16 is to alleviate SLAPP suits by requiring a plaintiff to reimburse a prevailing defendant for expenses incurred in extricating himself or herself from a baseless lawsuit.").

### b. **The Attorneys' Fees And Costs Incurred Are Reasonable**

Courts recognize that it is expensive for a defendant to achieve a dismissal at an early stage of the case, even if the lawsuit is meritless. As a result, courts have awarded significant attorneys' fees (far more than sought here) to defendants who have prevailed on anti-SLAPP motions. *See, Metabolife Int'l Inc. v. Wernick*, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) (court awarded $318,688 fees and costs to defendant prevailing on an anti-SLAPP motion).

Despite the speciousness of BrandRep's claims, Mr. Alan and LOTF could not ignore them, take victory for granted, or fail to present the earliest and best defense. BrandRep was attempting to undermine LOTF's entire firm, bring down the wrath of the Honorable Court upon it and shut the law firm down. What BrandRep was accusing Mr. Alan and his attorneys of doing was baseless, yes, but LOTF had to put a great deal of resources behind making sure BrandRep's frivolous claims did not jeopardize the claims of LOTF's thousands of other clients, who have no relation to Mr. Alan. And LOTF had to protect the interests of other putative class members, and class members in certified cases that they are overseeing, as well as class settlements they are administering. LOTF likewise had to protect Mr. Alan from these bogus claims, as BrandRep was asserting that it was going to seek a stay of every one of his unrelated cases, and indeed every case brought by the LOTF on behalf of other clients, since BrandRep apparently thinks LOTF has no other clients and just makes them up. As ludicrous as these allegations sound, LOTF could not take for granted that they would be dismissed. And LOTF owed a fiduciary duty to all of its clients to make sure that BrandRep's claims were effectively and swiftly put to rest. These were very serious allegations that were being haphazardly launched. LOTF could not take any chances.

It should go without saying that LOTF and Mr. Alan were justified in taking this case very seriously, and expending the resources that they did behind making sure that BrandRep's frivolous case was dismissed, expending significant time researching the law, carefully briefing the relevant issues, looking into the allegations that were being asserted by BrandRep, and communicating with BrandRep's attorneys to try and avoid these steps entirely. BrandRep chose to file its frivolous counterclaims, and BrandRep chose to drive up the cost of this litigation needlessly in doing so. BrandRep should foot the bill for its entirely avoidable, and frankly, disgusting actions, which border on criminal extortion, libel, and malicious prosecution.

Mr. Alan was forced to expend $32,268.40 in attorneys' fees and reasonable costs of $1,253.90 defending this action. Bacon Decl. at ¶¶ 18-22. All of these fees were directly related to or, at a minimum, were "inextricably intertwined" with the anti-SLAPP motion. *Kearney v. Foley and Lardner*, Case No. 05-CV-2112, 2008 WL 761089, *3 (S.D. Cal. March 18, 2008). The anti-SLAPP motion (and the various activities related thereto) required extensive time, effort, and legal skill due to the important First Amendment and public policy issues raised by the Complaint. Mr. Alan also estimates that he will incur an additional approximately $4,500 to read and analyze any opposition, draft a reply, and appear for the hearing of the motion.

Finally, Mr. Alan incurred $1,253.80 in additional, necessary expenses in connection with the anti-SLAPP motion. These include costs for service of chambers copies to the Honorable Court, as well as expenditures undertaken by Alan's counsel to investigate the identities of the 16 entities that were named by BrandRep in its counterclaim. Mr. Alan submits that performing a skip trace on these entities was necessary in order to clear his name of wrongdoing, and potentially to locate witnesses in order to further demonstrate that BrandRep's

position was entirely baseless.  Such expenses were necessary and customary, were actually incurred by Mr. Alan, and should be reimbursed.  Bacon Decl. ¶ 22.

This matter was appropriately staffed, and Mr. Alan's counsel, LOTF made every effort to avoid duplication of effort and otherwise minimize the attorneys' fees incurred.  Almost all of the work was performed by one senior associate (Adrian R Bacon), with assistance from one junior associate (Tom Wheeler).  Mr. Friedman oversaw the Motions, because his reputation was being directly attacked by BrandRep.  Additionally, the hourly rates Mr. Alan's counsel billed are reasonable and competitive with hourly rates usually charged by other similar law firms in Los Angeles, especially given the special expertise of the lawyers.  As set forth in his Declaration, Mr. Bacon was just approved by a court in another class action matter that granted final approval of a class settlement and granted the fee petition.  The court approved Mr. Bacon at an hourly rate of $450.  Bacon Decl. ¶ 14.  Mr. Bacon has been approved by courts at as much as $475 per hour for his work on class action matters.  *Id*. at ¶ 9.  Mr. Friedman likewise is requesting $575 per hour, but has been approved at a rate of $650 per hour.  *Id*. at ¶ 18 fn. 2.  Mr. Wheeler's rate is commensurate with other hourly rates of junior associates in the Los Angeles area.  Bacon Decl. Ex. A.

LOTF has submitted detailed time records in conjunction with the Declaration of Adrian R Bacon filed concurrently, which detail just how the attorneys working on this matter spent their time.  Bacon Decl. Ex B.  There can be no question that acts such as communicating and meeting regarding the cross complaint, reviewing the cross complaint, researching the law, engaging a third party to assist in investigating BrandRep's allegations against Mr. Alan, preparing the briefs, and undertaking efforts to discuss these issues with BrandRep's attorneys go to the core of what steps are required to prepare motions of this nature, and ultimately seek a judgment for Mr. Alan.  Regarding the hourly rates, these rates are commensurate with rates that Plaintiff's counsel has earned by court order

in numerous other matters, and are also commensurate with prevailing rates in the Central District of California, as demonstrated by the Declaration of Adrian R Bacon, filed concurrently. Bacon Decl. Ex. A. Pound for pound, for the type of work that LOTF was working on at the time they had to respond to the baseless counterclaims against Mr. Alan, these fees are entirely reasonable. Bacon Decl. ¶¶ 4-8. For instance. Mr. Bacon was preparing for a class certification hearing in a CLRA class action, and was working on class certification briefing in multiple other nationwide and California class actions the week that Mr. Alan's response to BrandRep's lawsuit was due. *Id*. LOTF's resources could have been put to better use prosecuting consumer class actions. Having to expend this level of resources on a completely baseless counterclaim against Mr. Alan prohibited LOTF from putting those resources into other meritorious matters that LOTF is presently litigating on behalf of consumers. BrandRep caused this. And BrandRep should have to compensate Mr. Alan for these fees that were incurred.

### III.  CONCLUSION

Consistent with the intent of the anti-SLAPP statute, BrandRep must pay fees and costs incurred by Mr. Alan in extricating himself from BrandRep's frivolous counterclaim. For the foregoing reasons, Mr. Alan respectfully requests that the Honorable Court award him attorney's fees and costs pursuant to Section 425.16(c) in the amount of $33,522.30.

Date: October 2, 2016                    Respectfully submitted,

**Law Offices of Todd M. Friedman, P.C.**

By: /s/ Adrian R. Bacon
    Adrian R. Bacon, Esq.
    Todd M. Friedman, Esq.
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Filed electronically on this 2nd day of October, 2016, with:

United States District Court CM/ECF system

Notification sent electronically on this 2nd day of October, 2016, to:

Honorable Judge David O Carter
United States District Court
Central District of California

George C. Hutchinson
LEGAL SOLUTIONS 2 U, APC

s/Adrian R. Bacon
Adrian R. Bacon