Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDREP INC., et al.<br><br>Defendants. | **Case No.:** 8:16-cv-01040-DOC-DFM<br><br>**INDIVIDUAL 26(F) REPORT**<br><br>**(F.R.C.P. 23 AND L.R. 23-3)**<br><br>Judge: Hon. David O. Carter |

Pursuant to Rule 26(f) and 16(a), Plaintiff, Jason Alan, individually and on behalf of all others similarly situated ("Plaintiff") hereby submits his Rule 26(f) Conference Report after having review the issues contemplated in Rule 26(f) and the Court's Order.  Plaintiff multiply attempted to meet and confer with BrandRep Inc. ("Defendant") in order to fully comply with the Joint Nature of the 26(f) process, but because of the failure of Defendant to respond to Plaintiff's requests, as more fully detailed in the attached declaration, Plaintiff independently submits

his individual 26(f) report for the Court's consideration.

### a. Statement of the Case

<u>Plaintiff:</u> Plaintiff is informed and believes, and thereon alleges, that beginning in or around April 2016, Defendant called Plaintiff on his cellular telephone number ending in -0225 in an attempt to solicit Plaintiff to purchase Defendant's services. Plaintiff is not a customer of Defendant's services and had never provided his cellular telephone number or any personal information to Defendant. Thus, Defendant did not have Plaintiff's prior express consent to call Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A). Defendant's calls were placed via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1). Defendant's calls utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*. Plaintiff incurs charges for his cellular telephone number for incoming calls pursuant to 47 U.S.C. § 227(b)(1). Defendant's calls were solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2). Plaintiff's cellular telephone number is registered on the National Do-Not-Call Registory since on or about February 14, 2011. Plaintiff alleges on behalf of himself and a proposed Class that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

### b. Synopsis of Legal Issues

<u>Plaintiff:</u> Plaintiff alleges that Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff.

Defendant's calls utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A). Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1). During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A). Defendant's calls also violated the National Do-Not-Call List provisions of 47 U.S.C. § 227(c)(5).

### c. Additional Parties or Amended Pleadings

Plaintiff does not anticipate any motions to add claims or parties, amend the pleadings or transfer venue.

### d. Dispositive Motions

At this time, Plaintiff does not anticipate filing any dispositive motions but reserves the right to do so if discovery reveals the basis for such a motion.

### e. Settlement/Alternative Dispute Resolution

Plaintiff is only willing to settle on a class-wide basis currently. Plaintiff is amenable to engaging in private mediation.

### f. Discovery Plan

Plaintiff does not believe that discovery should not be conducted in phases

or limited except as provided by the Federal Rules of Civil Procedure.

Plaintiff:  Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions. Plaintiff needs discovery on the following subjects: Defendant's policies and procedures for conducting the alleged autodialer campaign; Defendant's outbound dial list generated by an predictive dialer or ATDS to cell phones; Defendant's policies and procedures regarding cellular telephone numbers and tracking consent; Defendant's policies and procedures regarding the use of an artificial or prerecorded voice in its calls; Defendant's policies and procedures for compliance with the National Do-Not-Call List; and Defendant's policies and procedures regarding the usage of Defendant's ATDS. Plaintiff also intends to depose the Defendant's 30(b)(6) witness.

### g. Jury Trial and Trial Estimate

Plaintiff requests a jury trial and estimates a trial of 4-6 days.

### h. Other Issues and Proposed Dates

Plaintiff provides the following proposed dates, and requests an additional Class Certification date as noted below.

Discovery Cut-Off: July 14, 2017

Motion for Class Certification Filing Cut-Off: August 14, 2017

Final Motion Cut-Off: September 25, 2017

Final Pretrial Conference: Monday, October 23, 2017

Trial Date: Tuesday, November 14, 2017

| | |
|---|---|
| Dated: October 3rd, 2016 | Respectfully submitted, |
| | LAW OFFICES OF TODD M. FRIEDMAN, P.C. |
| | By: <u>s/Todd M. Friedman</u><br>Todd M. Friedman, Esq.<br>Attorney for Plaintiff |

# CERTIFICATE OF SERVICE

Filed electronically on this 3rd day of October, 2016, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable David O. Carter
United States District Court
Central District of California

And all Counsel of Record on the electronic service list.

This 3rd day of October, 2016

<u>s/Todd M. Friedman, Esq.</u>
Todd M. Friedman