George C. Hutchinson, State Bar Number 138735
LEGAL SOLUTIONS 2 U, APC.
16812 Armstrong Ave, Suite 200L
Irvine, CA 92606
Telephone: (855) 775-2928
Facsimile: (855) 775-2928

Attorneys for Cross-Complainant, BrandRep, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON ALAN, on behalf of himself and all others similarly situated,.<br><br>Plaintiff,<br><br>vs.<br><br>BRANDREP, INC.,<br><br>Defendants.<br><br>―――――――――――――<br><br>BRANDREP, INC., on behalf of itself and all others similarly situated, and ROES 1 through 100,<br><br>Cross-Complainant,<br><br>vs<br><br>JASON ALAN, an Individual, and Does 1 through 50 inclusive,<br><br>Cross-Defendants, | **CASE NO.:** 8:16-cv-01040-DOC-DFM<br><br><br><br><br>**MEMORANDUM IN SUPPORT OF BRANDREP, INC.'s Motion for Relief from Order Pursuant to FRCP 60(a) and (b)**<br><br><br>**Complaint Filed:** 06/03/16<br>**Trial Date:**     NONE SET<br>**Judge:**          Hon. David O. Carter<br><br><br>**Hearing Date:** Monday, November 21, 2016<br>**Hearing Time:** 8:30 am |

# MEMORANDUM IN SUPPORT OF BRANDREP, INC.'S MOTION FOR RELIEF FROM ORDER PURSUANT TO FRCP 60(A) AND (B)

For the following reasons, plaintiffs are entitled, pursuant to Rule 60(a), and, in the alternative, Rule 60(b)(1) and, in the further alternative, Rule 60 (b)(6), Fed.R.Civ.P., to relief from the Court's Order entered on 09/23/2016, rec.doc. 22, Granting as Unopposed [15] MOTION to Strike Cross-Complaint Counterclaim [9] [15] and MOTION to Dismiss [16] by Judge David O. Carter.

## Background

BRANDREP has filed a Cross-Complaint against Jason ALAN and DOES for pre-litigation activity that includes an alleged scam inducing businesses to violate TCPA regulations wasting these businesses time, energy, and financial resources, and purportedly eliminating Jason ALAN and DOES from being constitutionally "interested parties" within the meaning of TCPA.  Jason ALAN has retaliated with a Special Motion to Strike (Anti-SLAPP) and Motion to Dismiss which were filed on 08/31/2016 attempting to claim that BRANDREP's cross-complaint was a response to Jason ALAN's underlining complaint against BRANDREP.  Nothing can be further from the truth.  The truth here is that BRANDREP has investigated the matter sufficient to allege non-litigation tactics of Jason ALAN in violation of the spirit of TCPA, amongst other allegations in its Cross-Complaint.

BRANDREP is represented solely by attorney George C. Hutchinson, Esq. (HUTCH) in the cross-complaint.  HUTCH has undergone severe surgery and has been prescribed a heavy dose of medication while maintaining a strict schedule of visits to the VA hospital.  Due to a heavy schedule of VA Hospital visits and medication a lack of concentration, inattention and drowsiness has affected HUTCH.  At the relevant times for filing the respective oppositions HUTCH was taking multiple medications resulting in a cumulative effect, and ongoing VA Hospital visits made managing a calendar difficult causing HUTCH to neglect calendaring the appropriate opposition filing due dates.  Realizing this mistake HUTCH reached out to opposing

counsel on 09/21/2016 in an attempt to stipulate for more time to file the respective oppositions. After opposing counsel, who has been extremely aggressive in this case matter, refused to extend out time, HUTCH scrambled to file the respective oppositions as soon as reasonably possible, but not later than 1 day after asking for an extension of time from opposing counsel on 09/22/216. The opposition to the Anti-SLAPP was filed in the evening on 09/22/2016 and the opposition to the motion to dismiss was filed on 09/23/2016. Unbeknownst to HUTCH the court's order granting the unopposed motion was also issued on 09/23/2016. Treatments and medication kept HUTCH from being to file the oppositions sooner and even those filed oppositions were made in a rush in order to get something on file with the court as soon as possible after realizing the mistake.

## THE LAW - STANDARD OF REVIEW

A district court enjoys considerable discretion in deciding all aspects of a Rule 60 motion. *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 (5th Cir. 1991). Here BRANDREP seeks relief under Rule 60(a), 60(b)(1), and 60(b)(6). A district court's ruling on a motion brought under each of these three subsections of the rule is reviewed for abuse of discretion. *Jones, Waldo, Holbrook & McDonough v. Cade*, 510 F.3d 1277, 1278 (10th Cir. 2007)(Rule 60(a) motion); *Bowen Investment, Inc. v. Carneiro Donuts, Inc.,* 490 F. 3d 27, 29 (1st Cir. 2007)(Rule 60(a) motion); *Oriakhi v. Wood,* 250 Fed.Appx. 480, 481 (3rd Cir. 2007)(unpublished)(Rule 60(a) motion); *Warfield v. Byron,* 436 F.3d 551, 555 (5th Cir. 2006)(Rule 60(b)(1) motion); *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004)(Rule 60(b)(6) motion).

**A. A Late Filed Opposition May Be Construed As A Motion To Extend Time For Filing An Opposition Pursuant to FRCP 6(b)**

In HUTCH's declaration filed on 09/22/2016 before the order for non-opposition was granted he argued that The Ninth Circuit may construe late filed opposition as a motion to extend the time for filing an opposition pursuant to Federal Rule of Civil Procedure 6(b).

Federal Rule of Civil Procedure 6(b)(1)(B) governs extensions of time after the relevant deadline has expired and states, in pertinent part:

(b) Extending Time.

    (1) In General . When an act may or must be done within a specified time, the court may, for good cause, extend the time:

        (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

        (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"This rule ... '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

Courts have recognized that the excusable neglect standard in Rule 6(b) extends to **inadvertent delays**. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership (Pioneer),* 507 U.S. 380, 391 (1993).

Here, HUTCH filed an opposition on 09/22/2016 after reaching out to opposing counsel in an attempt to extend time for filing an appropriate opposition to Jason ALAN's motion for Anti-SLAPP and Motion to Dismiss.  The opposition was filed before the Court's order granting Jason ALAN's motion for being "unopposed" despite the late filed opposition.  HUTCH was making

every effort to attend the October 3, 2016 hearing on the motions and even asked if the court still had it on calendar for hearing after the order was granted. See *Declaration of George C. Hutchinson, Esq*. So the delay was only a 10 day delay in filing of the opposition with oral arguments still to be made on October 3, 2016. There would not have been a delay in the oral argument or hearing of the motions which would have been argued on the merits.

The Court in *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) expressed that:

> Our adversarial system relies on attorneys to treat each other with a high degree of civility and respect. See *Bateman*, 231 F.3d at 1223 n. 2 ("[A]t the risk of sounding naive or nostalgic, we lament the decline of collegiality and fair-dealing in the legal profession today, and believe courts should do what they can to emphasize these values."); *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997) ("There is no better guide to professional courtesy than the golden rule: you should treat opposing counsel the way you yourself would like to be treated."). Where, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries. See *Cal. Attorney Guidelines of Civility & Prof.* § 6.

Despite reaching out on 09/21/2016 for a short time to file opposition, opposing counsel denied HUTCH's request causing HUTCH to scramble in filing an opposition the next day on 09/22/2016 and as soon as reasonably possible given HUTCH's medical predicaments.

Rule 60(a) authorizes a district court to modify an order "to insure that the record reflects the actual intentions of the court **and the parties**." *Matter of West Texas Marketing Corp.,* 12 F.3d 497, 504 (5th Cir. 1994). Here HUTCH did file an opposition on 09/22/2016 before the order of the Court proclaiming that ALAN's motion went "unopposed". Although late filed, the motions

were opposed. As such the order may be viewed as incorrect in its language and grant an extension of time for late filing giving the arguments above.

For the reasons stated above BRANDREP requests that the court vacate its order on the basis of oversight and allow the late filed opposition to act as a motion to extend time to file a late opposition, or in the alternative allow the late filed oppositions to act as filed oppositions with oral arguments to be scheduled.

### B. Rule 60 (b) factors

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a all four of the four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997) (adopting this test for consideration of Rule 60(b) motions). *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). Here, Jason ALAN would not have been prejudiced by a 10 delay (roughly 1.5 week delay) in the filing of the opposition papers since a reply would have also been delayed and the hearing date could have stayed on calendar for oral arguments thereby not impacting the hearing already calendared. Therefore filing the opposition late then would not have adversely affected either the hearing date, which was ten or eleven days away, and no trial date or other hearing dates set.

While the courts have historically found that a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, "we have previously found the identical mistake to be excusable neglect." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting *Pincay*, 389 F.3d at 860). Here the reason for delay was

not a mere oversight of local rules but rather the delay was specific to HUTCH's medical condition, medications, and treatments causing the calendaring delay.

There is no indication that BRANDREP's failure to file the oppositions on time was a result of bad faith here, but instead the medical condition of its attorney HUTCH. Certainly BRANDREP should not be prejudiced by its attorney's medical issues.

For the reasons stated above BRANDREP requests that the court vacate its order and allow the late filed opposition to act as a motion to extend time to file a late opposition, or in the alternative allow the late filed oppositions to act as filed oppositions with oral arguments to be scheduled.

### C. Rule 60 (b)(1)

Rule 60(b)(1) authorizes a district court, on motion and on "just terms," to relieve a party from a final order for, among other reasons, "(1) mistake, inadvertence, surprise, or excusable neglect."

The decisional law interpreting Rule 60(b) in this jurisdiction makes clear that "mistake" encompasses occasions when counsel acted without client authority or contrary to client interests. *See Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp.,* 843 F.2d 808, 811 (4th Cir. 1988) ("When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside"); s*ee also Bonney v. Roelle*, 1997 WL 407831 (4th Cir. July 21, 1997) at *8-9 (holding that under Rule 60(b)(1) blameless parties should not be penalized for attorney's mistake). Decisional law in other jurisdictions is to the same effect. *See, e.g., Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000) (finding that relief under Rule 60( b)( 1) is available where an attorney acts without his client's authority); *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir.1999)(same); *Cashner v. Freedom Stores,*

*Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) ("as a general proposition, the „mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party").

Here, as set forth in the Declaration of George C. Hutchinson, Esq., BRANDREP's counsel lacked client authority to filing the opposition late. BRANDREP was not fully aware of HUTCH's medical conditions at the time, and had not made a knowing and voluntary decision to allow for any late filings or grant any of ALAN's motions to go unopposed. HUTCH, as BRANDREP's counsel, acted promptly as soon as he became aware of the mistake, attempting to prevent any prejudice to BRANDREP.

Relief is necessary to ensure that BRANDREP does not suffer because of its counsel's mistake.

*Other Courts have found excusable neglect in similar circumstances:*

**Winning a case by Default is rarely appropriate** - Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied. See *Butner v. Neustadter*, 324F.2d 783 (9th Cir 1963). Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. See *Schwab v. Bullock's Inc.*,508 F.2d 353 (9th Cir 1974). More specifically, in applying the general terms of Rule 60(b) to default judgments, this court has emphasized that such judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. *Falk v. Allen* 739 F.2d 461 (9th Cir 1984).The district Court denied [her] motion to set aside default judgment based on excusable neglect, because [she] was grieving and moving her residence at the time. Default judgment was reversed and remanded. *TCI Group Life Insurance Co., v. Knoebber* 244F.3d 691 (9th Cir 2001)

**Medical Condition causes Excusable Neglect** - *In Re Pioneer* 507 U.S. 380, 113 S.Ct. 1489, 123 L. ED2d 74(1993) (finding that attorneys inadvertence failure to file proof of claim within the court's deadline constitutes excusable neglect, and for an attorney's dire medical conditions , see *Thomas Murkerson* 2005 WL 3591958 (M.D. Ga. December 30, 2005)(counsel's failure to meet filing deadline due to medical condition and subsequent convalescence constituted "excusable neglect")

The defendant's or counsel's physical or mental illness is a common ground for finding conduct non-culpable when considering whether to lift a [default] judgment or overturn the failure to lift a [default] judgment. See, e.g., *Leshore v.County of Worcester*, 945 F.2d 471 (1st Cir. 1991); *Vac-Air, Inc. v. John Mohr & Sons, Inc.*, 471 F.2d 231 (7th Cir. 1973); *Rooks v. American Brass Co.*, 263 F.2d 166 (6th Cir. 1959) (per curiam); *Tri-Continental Leasing Corp. v. Zimmerman*,485 F. Supp. 495, 497 (N.D. Cal. 1980). *TCI Group Life Insurance Plan, L v. Knoebber*, 244 F.3d 691; 2001 U.S. App. LEXIS 8583; 49 Fed. R. Serv. 3d (*Callaghan*) 140; 2001 Cal. Daily Op. Service 2376; 2001

BRANDREP should not be prejudiced due to its counsel's medical issues.  Here HUTCH has declared under penalty of perjury that the delay was due to his medical condition and for the reasons stated herein BRANDREP requests that the court vacate its order and allow the late filed opposition to act as a motion to extend time to file a late opposition, or in the alternative allow the late filed oppositions to act as filed oppositions with oral arguments to be scheduled.

   **D.  Rule 60 (b)(6)**

Rule 60(b)(6), often referred to as the "catch-all" provision of Rule 60(b), authorizes a district court to grant a party relief from a judgment for "any other reason" justifying relief.  The Supreme Court has recognized that Rule 60(b)(6) "vests power in courts adequate to enable them

to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614-15 (1949).

In the event that the district court finds that plaintiffs are not entitled to relief under Rule 60(a) or rule 60(b)(1), plaintiffs argue in the alternative that this case presents circumstances, as set forth herein, to justify relief under Rule 60(b)(6).

Dated: 10/11/2016

Respectfully submitted,

LEGAL SOLUTIONS 2 U, APC

By: / s / GEORGE C. HUTCHINSON, ESQ.
_____
George C. Hutchinson, Esq.
Attorneys for Cross-Complainant
BRANDREP, INC.