**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1040-DOC (DFMx)            Date: November 2, 2016

Title: JASON ALAN V. BRANDREP INC, ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                   None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO STRIKE AND DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES [24, 30]**

     Before the Court is Defendant's Motion for Reconsideration of the September 23, 2016 Order Striking Cross-Complaint Counterclaims ("Motion") (Dkt. 30) and Plaintiff's Application for Attorney's Fees ("Application") (Dkt. 24). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the parties' aruguments, the Court GRANTS the Motion and DENIES the Application.

**I.     Background**

     Plaintiff Jason Alan ("Alan" or "Plaintiff") filed his Complaint on June 3, 2016 (Dkt. 1). Defendant answered (Dkt. 10) and filed a Counterclaim (Dkt. 9) on August 5, 2016. Plaintiff filed a Motion to Strike Counterclaims (Dkt. 15) and a Motion to Dismiss (Dkt. 16) on August 31, 2016. Pursuant to Local Rule 7-9, Defendant's opposing papers were to be filed by September 12, 2016, twenty-one days before the hearing date. Defendant did not oppose either the Motion to Strike or the Motion to Dismiss until the evening of September 22, 2016, when Defendant filed an Opposition to the Motion to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1040-DOC (DFMx)                                     Date: November 2, 2016
                                                                                                                                                     Page 2

Strike (Dkt. 21). The following day the Court granted as unopposed the Motion to Strike and the Motion to Dismiss ("Order") (Dkt. 22). Later that day, Defendant filed an Opposition to the Motion to Dismiss (Dkt. 23).

With the instant Motion, Defendant asks the Court to reconsider its September 23 Order. *See generally* Mot.

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of: (1) mistake, inadvertence surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

## III.    Discussion

Federal Rule of Civil Procedure 60(b) is to be construed to "effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). Under Rule 60(b), "[e]xcusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partn.*, 507 U.S. 380, 394 (1993).

Courts may consider the following factors in determining when neglect is excusable: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) and whether the movant acted in good faith. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Services Co.*, 507 U.S. at 395). These factors "provide a framework" and are not exclusive. *Id.*

The proceedings in this case are nascent and Plaintiff will have ample time to reply to any arguments raised by Defendant. Therefore, the Court finds little danger of prejudice should an opposition be filed. Additionally, the Court will likely not hear oral arguments regarding the motion. *See* L.R. 7-15. Any delay will be minimal.

Defendant's counsel had a medical condition requiring surgery and extensive medication. Mot. at 3; Decl. of George C. Hutchinson at 2. This medical condition was

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1040-DOC (DFMx)                                                    Date: November 2, 2016
                                                                                                                                        Page 3

outside the control of Defendant. *Id*. The Court has found no evidence that Defendant's delay was willful or malicious in any way. Therefore, the Court finds that Defendant seeks reconsideration in good faith.

Plaintiff argues that "the Court already had the opportunity to consider Mr. Hutchinson's medical issues as a justification for the untimely filing, and rejected these arguments in dismissing the Cross-Complaint." Opp'n at 2. To the contrary, the Court did not reject this argument, and only now considers it for the first time.

After considering the enumerated factors, and Defendants arguments, the Court finds that Defendants' neglect was excusable and GRANTS Defendant's Motion.

**IV.    Disposition**

The Court STRIKES the Order dated September 23 (Dkt. 22). Plaintiff may file oppositions **on or before November 7, 2016**. Defendant may file a reply **on or before November 14, 2016**.

Because the September 23 Order is stricken, the Court DENIES AS MOOT Plaintiff's Application for Attorney's Fees (Dkt. 24).

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                   Initials of Deputy Clerk: djg
CIVIL-GEN