**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES – GENERAL</u>

Case No. SA CV 16-1040-DOC (DFMx)          Date: November 28, 2016

Title: JASON ALAN V. BRANDREP, INC ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Deborah Goltz</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING COUNTERDEFENDANT'S SPECIAL MOTION TO STRIKE COUNTERCLAIM [15] AND MOTION TO DISMISS COUNTERCLAIM [16]**

Before the Court are Counterdefendant's Special Motion to Strike Counterclaim ("Anti-SLAPP Motion") (Dkt. 15) and Motion to Dismiss Counterclaim ("MTD") (Dkt. 16). The Court finds these matters appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the moving papers and considering the parties' arguments, the Court **DENIES** the Motions.

## I.    Background and Procedural History

The Court takes the following facts from the Complaint ("Compl.") (Dkt. 1) and Counterclaim ("Countercl.") (Dkt. 9).

BrandRep, Inc. ("BrandRep" or "Counterclaimant") is in the business of making automated telephone calls. *See generally* Compl. Jason Alan ("Alan" or "Counterdefendant") filed suit against BrandRep for calling his personal cell phone without consent in violation of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b). *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1040-DOC (DFMx)                  Date: November 28, 2016
                                                                                                                             Page 2

      BrandRep then filed a counterclaim against Alan for unfair competition in violation of California Business and Professions Code § 17200 *et seq.* ("UCL") (Dkt. 9). In the Counterclaim, BrandRep alleges that Alan placed his number online for business purposes. Countercl. ¶ 33. BrandRep further alleges that Alan advertises businesses that do not exist using his personal number in order to manufacture TCPA violations. *Id.* ¶ 41. Additionally, Alan also allegedly "forwards business landline calls to his cell phone in order to fraudulently allege[] that he did not give consent to call his cell phone." *Id.* ¶ 37.

      Alan filed the MTD and the Anti-SLAPP Motion on August 31, 2016. BrandRep did not respond. The Court granted both motions as unopposed on September 22, 2016 (Dkt. 22). BrandRep then filed a Motion to Reconsider the Order on October 20, 2016 (Dkt 30).The Court granted BrandRep's Motion to Reconsider on November 11, 2016 (Dkt. 33) and struck the September 22 Order.

      With leave of the Court, BrandRep filed an Opposition to the MTD (Dkt. 34) and the Anti-SLAPP Motion (Dkt. 35) on November 7, 2016. Alan replied on November 14, 2016 (Dkts. 36 & 37).

## II.   Legal Standard

### A.   Anti-SLAPP Motions

      California law allows a party to file a "special motion to strike" strategic lawsuits against protected participation ("SLAPP"). Cal. Civ. Proc. Code § 425.16. Motions filed under this statute are referred to as "anti-SLAPP" motions. *See id.*

      "In evaluating an anti-SLAPP motion, the trial court first decides whether the defendant has made a threshold showing that the challenged cause of action arises from protected activity." *Taheri Law Grp. v. Evans*, 160 Cal. App. 4th 482, 488 (2008). "If the trial court finds the defendant has made a threshold showing that a cause of action arises from protected activity, it must then decide whether the [claimant] has demonstrated a probability of prevailing on the claim." *Id.*

### B.   Motion to Dismiss

      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell A. Corp. v. Twombly*, 550 U.S. 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1040-DOC (DFMx)                                              Date: November 28, 2016
                                                                                                                                                 Page 3

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

      In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III.    Discussion

      The Court will first assess whether BrandRep's claim stems from Alan's protected activity. Next, it will determine whether there is a probability that BrandRep will prevail on its claim.

#### A.    Protected Activity

      For a suit to be a SLAPP suit, "the gravamen of the complaint" must be that the defendants acted wrongfully by engaging in protected activity. *Drell v. Cohen*, 232 Cal. App. 4th 24, 30 (2014). Protected activity includes filing motions and prosecuting civil actions. *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 998 (N.D. Cal. 2015).

      In determining whether a cause of action arises from protected activity, "the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 896 (E.D. Cal. 2006) (quoting *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002) (emphasis in original)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1040-DOC (DFMx)                                Date: November 28, 2016
                                                                                                         Page 4

      A cause of action must arise from protected activity not merely be triggered by it. *City of Cotati*, 29 Cal. 4th at 78. "The critical consideration" is whether BrandRep's cause of action is *based on* Alan's act of filing lawsuits. *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 597 (9th Cir. 2010). For example, the Ninth Circuit has held that anti-SLAPP motions may be brought where but for the defendant's protected activity, the plaintiff "would have no reason to sue." *Id.* at 598.

      Here, BrandRep's counterclaim specifically alleges a cause of action based on Alan's abuse of "the process of law." Countercl. ¶ 80. BrandRep alleges that Alan has filed dozens of lawsuits in bad faith. *Id.* Additionally, Brandrep argues in its Opposition that some of the harm it has suffered arose because it "is now required to enter into transactions with attorneys and consultants for TCPA compliance and analysis." *Id.*

      Based on these allegations, BrandRep would have not suffered the alleged harm but for Alan filing lawsuits. Therefore, BrandRep had no reason to sue but for Alan's lawsuits. Lawsuits are protected activity. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 644 (9th Cir. 2009). Therefore, BrandRep's Counterclaim arises from protected activity. *Mindys Cosmetics, Inc.*, 611 F.3d at 597.

### B.    Probability of Prevailing

      The second prong of an anti-SLAPP motion is often referred to as the "minimal merit prong" *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 998 (N.D. Cal. 2015). An "anti-SLAPP motion should be granted when a [claimant] presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the [claimant]." *Price*, 620 F.3d at 1000 (quoting *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 822 (1994), *as modified on denial of reh'g* (Sept. 15, 1994)). Reasonable probability "requires only a 'minimum level of legal sufficiency and triability.'" *Davis v. Elec. Arts Inc.*, 775 F.3d 1172, 1177 (9th Cir. 2015), *cert. denied,* 136 S. Ct. 1448 (2016).

      "[T]he required probability that [the claimant] will prevail need not be high." *Id.* "If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999).

      Alan based his anti-SLAPP Motion on BrandRep's failure to state a claim. SLAPP Mot. at 17. BrandRep asserts three causes of action for "acts of unfair competition" under. Countercl. ¶¶ 80, 82. BrandRep also asserts one cause of action for declaratory

Case 8:16-cv-01040-DOC-DFM Document 40 Filed 11/28/16 Page 5 of 8 Page ID #:1658

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1040-DOC (DFMx)            Date: November 28, 2016
           Page 5

judgment seeking a judicial declaration that BrandRep's "current policy regarding calls to telephone numbers posted online constitutes express written consent and is therefore exempt from TCPA regulations." *Id.* ¶ 99.

The Court will consider the Motion to Dismiss and the probability of prevailing together, as the Court applies the same standard to both. *See Rogers*, 57 F. Supp. 2d at 983.

### 1. Declaratory Judgment

As an initial matter, the Court dismisses BrandRep's counterclaim seeking declaratory judgment. Federal Rule of Civil Procedure 12(f) authorizes the Court to strike any redundant matter *sua sponte*. BrandRep's policy regarding calling telephone numbers posted online is already at issue in the underlying complaint. *See generally* Compl. Therefore, allowing litigation on this issue as part of the Counterclaim would result in duplicative litigation. *See Atl. Richfield Co. v. Ramirez*, 176 F.3d 481 (9th Cir. 1999) (dismissing counterclaims that sought declaratory relief when those issues were already brought by the underlying complaint).

Therefore, the Court STRIKES BrandRep's fourth cause of action for declaratory relief.

### 2. UCL Claims

Alan argues that BrandRep lacks standing to sue under the UCL and that BrandRep fails state a claim under the UCL. MTD at 14, 21. The Court will first address the standing argument.

#### a. Standing

To have standing to assert a UCL claim, a plaintiff must have "suffered injury in fact and . . . lost money or property as a result of the unfair competition." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010).

The "unfair" practice BrandRep alleges is that Alan manufactures TCPA violations and brings bad-faith lawsuits against companies like BrandRep. *See generally* Countercl. BrandRep alleges that it has spent time and money calling fake businesses because of Alan's actions. Countercl. ¶ 84. It also alleges that it has spent money defending this suit. *Id.* These allegations are sufficient to plead an injury in fact as a result of the alleged unfair competition.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1040-DOC (DFMx)                                    Date: November 28, 2016
                                                                                                                                Page 6

      Though a claimant may have lost money as a result of unfair competition, claimants "are generally limited to injunctive relief and restitution." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (citing *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 179 (1999)). Damages cannot be recovered under the UCL "unfair" prong. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992); *Hambrick v. Healthcare Partners Med. Grp., Inc.*, 238 Cal. App. 4th 124, 155 (2015).

      To pursue injunctive relief in federal court, "a plaintiff must demonstrate a sufficient likelihood that he will again be wronged in a similar way." *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 959 (N.D. Cal. 2015) (citing to *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) and *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011)). BrandRep is in the business of making automated telephone calls. *See generally* Compl. Alan and his law firm have allegedly made a business out of posting Alan's number online posing as legitimate businesses with the hope that companies like BrandRep will call Alan's number. *See generally* Countercl. If BrandRep removed Alan's number from its directory, Alan could simply publish a new number online. Therefore, should Alan's practice of manufacturing these claims continue, it is likely that BrandRep will be harmed again.

      Because BrandRep has alleged damages as a result of the unfair competition and has pled sufficient facts to warrant an injunction, it has standing to bring its UCL claim.

### b.     Failure to State a UCL Claim

      Prior to the California Supreme Court's decision in *Cel-Tech Communications, Inc.*, 20 Cal. 4th at 190, courts in California used a balancing test to determine whether a business practice was unfair. In *Cel-Tech*, the California Supreme Court concluded that the balancing test was too amorphous when applied to disputes between competing businesses and adopted a new standard. *Id.* at 196. However, the court was careful to explain that nothing in their decision "relate[d] to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law." *Id.* at 187 n.12.

      After the court's decision in *Cel-Tech*, the "Courts of Appeal have struggled with which test should apply" in suits between parties who are not in competition. *Progressive W. Ins. Co. v. Yolo County Super. Ct.*, 135 Cal. App. 4th 263, 286 (2005). Because the California Supreme Court stated that *Cel-Tech* did not apply to cases where parties are not direct competitors, the Court finds that the California Supreme Court would likely apply the old balancing test in this case. This is consistent with Ninth Circuit authority. *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 994 (9th Cir. 2000) (holding that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1040-DOC (DFMx)                                                      Date: November 28, 2016
                                                                                                         Page 7

the new test in *Cal-Tech* does not apply in consumer cases); *Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718, 736 (9th Cir. 2007) ("endorsing" a district court's use of balancing test "in the absence of further clarification by the California Supreme Court"). Under the balancing test:

> the test of whether a business practice is unfair involves an examination of that practice's impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim . . .

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (1999) (citations omitted). The inquiry "is fact intensive and is not conducive to resolution at the demurrer stage." *Progressive W. Ins. Co. v. Yolo Cty. Superior Court*, 135 Cal. App. 4th 263, 286 (2005).

       The facts in this case are similar to those in *American Products Co. v. Law Offices of Geller, Stewart & Foley, LLP*, 134 Cal. App. 4th 1332, 1346 (2005). In *American Products*, a manufacturer of after-market automotive accessories sued a customer's law firm for violations of Business and Professions Code § 17200. *Id.* at 1336. The manufacturer claimed that the law firm sent demand letters and initiated lawsuits without a good faith basis and engaged in a pattern or practice of initiating litigation for purposes of a "quick settlement." *Id.* at 1347. The trial court granted summary judgment for the law firm. *Id.* at 1336. The appellate court reversed the trial court, finding that the "number of actions initiated and then dismissed less than one year thereafter raises an issue as to whether there was a pattern or practice of filing complaints for settlement purposes." *Id.* at 1346. The court held that initiating litigation for settlement purposes "is improper and potentially a violation of Business and Professions Code sections 17200, *et seq.*" *Id.*

       The appellate court explained why these practices were unfair:

> Attorneys form a front 'watchdog' or 'consumer' organization. They scour public records on the Internet for what are often ridiculously minor violations of some regulation or law by a small business, and sue that business in the name of the front organization. Since even frivolous lawsuits can have economic nuisance value, the attorneys then contact the business, and point out that a quick settlement would be in the business's long-term interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1040-DOC (DFMx)                       Date: November 28, 2016
                                                                                                                                 Page 8

*Id.* at 1347 (quoting *People ex rel. Lockyer v. Brar*, 115 Cal. App. 4th 1315, 1317 (2004)).

      In the instant case, BrandRep alleges that Alan has filed dozens of law suits for settlement purposes. *Id.* ¶¶ 64, 80. BrandRep also alleges that Alan masquerades as legitimate businesses online, with his personal number listed for the purpose of "manufacturing" these lawsuits. Countercl. ¶ 64. The Court notes that many of these lawsuits are settled a few months after filing. Alan vehemently disputes these allegations in his Anti-SLAPP Motion and Reply. *See* SLAPP Mot. at 8; Reply at 11. However, Alan seeks relief "based on alleged deficiencies" in BrandRep's complaint. SLAPP Mot. at 17. Therefore, the Court accepts these allegations as true, as it would when ruling on a motion to dismiss. BrandRep's allegations sufficiently state a claim under the "intentionally broad" standard for unfair competition. *S. Bay Chevrolet*, 72 Cal. App. 4th at 886.

      Accordingly, the Court DENIES both the Motion to Dismiss and the Special Motion to Strike.

## IV. Disposition

      Because BrandRep has stated a claim for unfair competition, the Court DENIES Alan's Motion to Dismiss and Special Motion to Strike.

      The Court STRIKES BrandRep's fourth cause of action for declaratory relief.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                 Initials of Deputy Clerk: djg
CIVIL-GEN